UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHARLES HEFELBOWER, | CASE NO. CV F 13-1121 LJO MJS |
| Plaintiff, | **ORDER TO DENY RECONSIDERATION** (Doc. 11.) |
| vs. | |
| U.S. BANK NATIONAL ASSOCIATION, et al., | |
| Defendants. | |
| _____/ | |

**PRELIMINARY STATEMENT TO PARTIES AND COUNSEL**

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action.

**BACKGROUND**

On July 19, 2013, pro se plaintiff John Charles Heflebower ("Mr. Heflebower") filed this action to challenge foreclosure of this Fresno property ("property") and to seek to enjoin a July 22, 2013 property foreclosure sale. Mr. Heflebower's Verified Complaint ("complaint")

1

claims that defendants[1] lack "rights to enforce the deed of trust in question by holding any valid assignment of it."

This Court's July 23, 2013 order ("July 23 order") dismissed with prejudice this action, denied injunctive relief, and painstakingly evaluated the complaint and each of its claims to conclude that Mr. Heflebower could allege no facts to support a viable claim. On August 20, 2013, Mr. Heflebower filed his F.R.Civ.P. 59(e) motion to alter or amend the July 23 order and judgment entered pursuant to the July 23 order. This Court construes Mr. Heflebower to seek reconsideration of dismissal of this action.

## DISCUSSION

### Reconsideration Standards

A dismissal for failure to state claim bars further litigation on the particular claim pleaded unless leave to amend is granted or the dismissal is made without prejudice. *Cannon v. Loyola Univ. of Chicago*, 784 F.2d 777, 780 (7th Cir. 1986), *cert. denied*, 479 U.S. 1033, 107 S.Ct. 880 (1986).

A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989); *see Caldwell v. U.S.*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (reconsideration motions must be supported "by a showing of extraordinary circumstances which justify relief").

A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998). "A party

---

[1] Defendants are U.S. Bank National Association, Western Progressive, LLC, Ocwen Loan Servicing LLC, and JPMorgan Chase Bank, N.A. and will be referred to collectively as "defendants."

seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Westlands Water*, 134 F.Supp.2d at 1131.

Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. Denial of reconsideration is reviewed for abuse of discretion. *School District 1J*, 5 F.3d at 1262.

A motion for reconsideration is restricted and serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Mr. Heflebower fails to demonstrate that he is entitled to reconsideration. Mr. Heflebower argues that this "Court should look to the substance rather than to the form of a complaint." The July 23 order demonstrates a thorough, exacting analysis of the substance of the complaint. Mr. Heflebower offers no meaningful challenge to the July 23 order's analysis of the complaint's claims.

3

Mr. Heflebower further criticizes the July 23 order's analysis of his failure to tender amounts owed to support dismissal.  The July 23 order concluded that failure to tender "dooms his global claims."  Mr. Heflebower offers nothing meaningful to question the July 23 order's analysis of his failure to tender.  Putting aside failure to tender, the July 23 order analyzed each of the complaint's claims and found them unsupportable.  Mr. Heflebower fails to challenge the July 23 order's analysis to conclude that the complaint's individual claims fail.  In the absence of clear error or an intervening change in controlling law, reconsideration is not warranted.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES reconsideration.

IT IS SO ORDERED.

Dated:   **August 28, 2013**                    **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE